**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Cavalry SPV I LLC, | No. CV-22-08150-PCT-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| Stephen Tripodi, | |
| Defendant. | |

On August 24, 2022, *pro se* Defendant Stephen Tripodi ("Defendant") filed a Notice of Removal (Doc. 1), seeking to remove to this Court a civil contract action initiated by Plaintiff Cavalry SPV I LLC ("Plaintiff") in the Prescott Justice Court. (*See* Doc. 12-2, *Cavalry SPV I, LLC v. Tripodi*, Case No. J-1303-CV2022-000263) ("Justice Court Action"). Defendant seeks to remove on the basis of this Court's federal question jurisdiction (Doc. 1-1 at 1) and, alternatively, diversity jurisdiction. (Doc. 1 at ¶ 5). Defendant also filed an Application for Leave to Proceed in Forma Pauperis (Doc. 2). Plaintiff filed a Motion to Remand to State Court on September 19, 2022 (Doc. 15).

Federal courts are obligated to examine complaints for subject-matter jurisdiction on their own initiative. *See e.g., Henderson ex. rel. Henderson v. Shinseki*, 562 U.S. 428, 434—35 (2011) (stating "federal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press."). There are two primary sources of federal court jurisdiction: 28 U.S.C. § 1331, federal question or

"arising under" jurisdiction; and 28 U.S.C. § 1332, diversity jurisdiction. Defendant has failed to establish this Court has subject matter jurisdiction over the Justice Court Action.

### I. Federal Question Jurisdiction

The face of the pleadings establishes no federal question jurisdiction. Federal courts have original jurisdiction over civil claims "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. In his Notice of Removal, Defendant says that he has alleged a counterclaim against Plaintiff for violation of the Fair Credit Reporting Act under 15 U.S.C. § 1681. (Doc. 1 at ¶ 4). But "[f]ederal jurisdiction cannot be predicated on an actual or anticipated defense" or "an actual or anticipated counterclaim." *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009). Instead, "[t]he threshold requirement for removal under 28 U.S.C. § 1441 is a finding that the complaint contains a cause of action that is within the original jurisdiction of the district court." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009); *ARCO Envtl. Remediation, L.L.C. v. Dep't of Healthy & Envtl. Quality of Mont.*, 213 F.3d 1108, 1113 (9th Cir. 2000) (quoting *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("As a general rule, 'the presence or absence of federal-question jurisdiction is governed by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.'"). Furthermore, the Justice Court Complaint states a breach of contract cause of action that arises under Arizona state law, nothing of which is within the original jurisdiction of this Court. (Doc. 12-2 at 4–7). Defendant therefore has not alleged federal question jurisdiction pursuant to 28 U.S.C. § 1331.

### II. Diversity Jurisdiction

Alternatively, Defendant has failed to establish this Court has jurisdiction pursuant to diversity jurisdiction. Federal courts have jurisdiction under 28 U.S.C. § 1332 when: (1) there is a complete diversity of citizenship among the parties, *i.e.*, no plaintiff is a citizen of the same state as any defendant; and (2) the amount in controversy exceeds $75,000.00. Even where there is diversity between the parties, a civil action brought in State court on the sole basis of diversity cannot be removed under 28 U.S.C. 1332(a) if any properly

joined and served defendant is a citizen of the State in which such action is brought. 28 U.S.C. § 1441(b)(2). "The party seeking to invoke the district court's diversity jurisdiction always bears the burden of both *pleading* and proving diversity jurisdiction." *Rainero v. Archon Corp.*, 844 F.3d 832, 840 (9th Cir. 2016) (internal quotation marks and citation omitted) (emphasis added). Therefore, "the essential elements of diversity jurisdiction . . . must be affirmatively alleged in the pleadings." *Id.* (quoting *Bautista v. Pan Am. World Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir. 1987) (citation omitted)).

As explained above, federal question jurisdiction does not exist, so whether this case is removable bears solely on the diversity jurisdiction grounds. Plaintiff fails to meet his burden in two regards. First, this case is not removable because Defendant is a resident of the State in which this action was originally brought. *See* 28 U.S.C. § 1441(b)(2) ("A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.").

Second, even assuming diversity between the parties exist, Defendant has not sufficiently alleged the amount in controversy. "As a general proposition, '[t]he amount-in-controversy requirement may be satisfied by claims of general and specific damages, punitive damages, and attorney's fees (if authorized by statute or contract).'" *Monroe v. Gagan*, 2008 WL 4418155, at *11 (D. Ariz. Sept. 29, 2008) (quoting *Colvin v. Conagra Foods, Inc.*, 2007 WL 3306746 at *2 (W.D. Wash. Nov. 5, 2007) (citing, *inter alia*, *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005)). Plaintiff's initial Complaint demands $2,861.28 in damages based on a breach of contract for a credit card agreement, $300.00 in reasonable attorney fees, and does not seek any non-monetary relief. (Doc. 12-2 at 5). Defendant acknowledges the sum of "$2,800.00 plus $300 in attorney fees" in his Notice of Removal but is otherwise silent as to any additional monetary claims. (Doc. 1 at 1). Instead, Defendant makes a conclusory allegation that the amount in controversy is greater than $75,000. (Docs. 1 at 2; 1-1 at 1). Thus, the Court does not have jurisdiction pursuant to 28 U.S.C. § 1332.

Because Defendant has not met his burden of showing that removal was proper, the Court will remand this case back to the Prescott Justice Court. *Hunter*, 582 F.3d at 1042 ("The 'strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper,' and that the court resolves all ambiguity in favor of remand to state court.") (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (per curiam). Accordingly,

**IT IS ORDERED** that the Clerk of Court shall kindly **remand** this action to the Prescott Justice Court. All other pending requests and motions in this action (Docs. 2, 15) shall accordingly be terminated as moot for lack of subject matter jurisdiction.

Dated this 19th day of September, 2022.

_____
Honorable Diane J. Humetewa
United States District Judge